OPINION of the Court, by
Judge Owsley.
On the 10th of October 1781, William M’Bride gave his obligation to John Bunton for the conveyance of 200 ácres of land,, the tract whereon Bunton then lived, and being a part of a tract of 400 acres then held by M’Bride. By various intermediate assignments this bond came to David Mosby, who in 1798 obtained a deed of conveyance from the heirs of M’Bride. Mosby died, and by his will authorised Edward Worthington, his executor, to sell the land. The executor accordingly sold the land as a tract containing 200 acres, to Horade Smith. After this, Smith, discovering the boundary of the land as then shewn contained but about 162 acres, and having paid a considerable part of the consideration, exhibited his bill in chancery and obtained an injunction against the residue. He charges in his bill that the boundary was not originally made as now shewn, but if so made he claims his full quantity, tobe made up out of the land claimed by Isaac Shelby, &c. who. holds the residue of the 400 acre, tract of M’Bride 5 and for that purpose and to establish the boundary, he makes ÍShelby, Roberts and others defendants to his bill.
During the pendency of this suit Smith died, and a revival was had in the name of Speed, his executor.
On.a final hearing the court below decreed the boundary of Smith’s purchase to be established including part of the land held by Sftelby ; decreed Mósby’s executor to convey to Smith’s heirs the boundary so established ; dismissed the bill as to Smith’s executor, and dissolved the injunction with ten per cent, damages.
The state of preparation in which this cause was when finally heard in the court below, renders it unnecessary for us to decide as to the rights of the parties to the land in contest. It ⅜8 clear the suit should have been revived in the name of the heirs of Smith, for the *284 purpose of investigating the right claimed by Smith ⅛ land held by Shelby and ethers. The executor, it is true, is a proper party to investigate the right to the relief sought against the judgment at law obtained hy the executor of Mosbv ; but as the suit was brought by Smith with a double aspect, either to he relieved against the judgment at law, cr to obtain his full quantity of land, to make the decree final as to all the matter in contest, the suit should have been revived as well in the name of the heirs as of the executor.
We are of opinion, therefore, the court below erred in proceeding to make a decree in this cause before all the proper parties were before them. The decree for that cause must be reversed, and the cause remanded for further proceedings.
But as it was ui’ged in argument that other defendants should have been made by the complainant in that court, it may not be improper to remark, that so far as the complainant there relies for relief on a prior equity only, to authorise a specific execution of the agreement from which that equity is derived, ail those through whom his right is deduced should be brought before the court. But owing to the very imperfect state of the case as presented in the record here, it would be improper in us to designate specifically all thoseWho should be brought before the court.
We are also of opinion the appellants, Shelby, &c. recover their costs in this court against Smith’s executor, and that S nub’s executor and Mosby’s executor pay their own costs respectively.